Tilghman C. J.
did not hear the argument and gave no opinion.
The opinion of the Court was- delivered by
Gibson J.
The single question for our decision is, whether the deed, as acknowledged, be sufficient to pass the estate of Anne Coe in the land conveyed; and I am decidedly of opinion it is not. Watson v. Bailey is the leading case on the subject, and from the principles established by it, I am unwilling to depart. It was there decided, that the substantial requisites by which the interests of married women were intended to be protected, should appear on the face of the certificate of acknowledgment to have been pursued. What are these requisites? The legislature intended, that a married woman, in conveying her estate, should be a free agent, and that she should be secure from deception as well as improper influence on the part of her husband. I therefore take those requisites to be, that she be separately examined, that she have a knowledge of the nature and consequences of the act she is about to perform, and that her will in the performance of it, be free. I know it is supposed by many of the profession, that in M'Intire v. Ward, this Court receded from its decision in Watson v. Bailey. It did not recede. There the objection was, .that it did not appear the contents of the deed had been made known to Mrs. Neil by the magistrates who took the acknowledgment. The Chief Justice, in deli *274 vering his opinion, stated he did not consider.it as having been decided in Watson v. Bailey, that it was necessary it should appear the contents had been made known to the wife, nor he then intend to express an opinion on that point; bfit that if it were necessary, it appeared substantially from the special nature of the certificate that Mrs. Neil was fully apprised of the contents of the deed. Justice Ye ates gave no opinion; and Justice Brackenridge was decidedly of opinion, that under the authority of' Watson v. Bailey, communication of the contents ought substantially to appear, as also, that the execution of the deed was voluntary and without coercion ; and as to that, I heartily concur with him. But it never could be suspected from any thing that has fallen from this Court, that we held it unnecessary to set forth in substance, that the wife executed the deed voluntarily and without the compulsion of her husband. In Shaller v. Brand it was. held, that the words, “ she voluntarily consenting thereto,” sufficiently indicated her assent to the execution of the deed, and not, as was contended, to her being separately examined ; but the Court again decided, that the very letter of 'the act need not be'pursued, but that it must appear to have been substantially complied with. But if the form of acknowledgment in the present instance should be held good, it would be better to over-rule the case of Watson v. Bailey at once. To presume that every thing was rightly and solemnly transacted before the magistrate, would be to dispense with every guard against the coercion and improper influence of the husband, which the law has interposed for the protection of the wife. Why not as well dispense with the separate examination altogether? We know how rapidly and with what little consideration of their importance, these matters are usually transacted before magistrates. A certificate, well drawn by the scrivener, would suggest to the magistrate, who should read it before signing, some matters of duty on the occasion, that otherwise might escape his attention. Even this is a matter of consequence, that pleads for retaining a form of certificate setting forth specially a substantial compliance with the requisites of the law. As it does not appear the wife declared that she executed the deed voluntarily, I am of opinion that the judgment be affirmed. •
Judgment affirmed.